PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2003 Mazda Protégé struck a large hole in the pavement while he was traveling northbound on County Route 50/30 in Doddridge County which is also known as Sunny Side Road. County Route 50/30 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 5:30 a.m. on November 11,2006. Claimant was traveling north on County Route 50/30 at a speed of forty to fifty miles per hour when he rounded a bend of the road and saw a log truck in the oncoming lane which was on the yellow center line of the road. County Route 50/30 is a two-lane highway with a speed limit of forty miles per hour. To provide greater distance between his vehicle and the oncoming log truck, he maneuvered his vehicle to his right where his vehicle struck a large hole in the road. Mr. Cumberledge stated that he had noticed the missing piece of pavement on other occasions. However, at the time of the incident, he was unable to see the hole because it was dark and raining outside. Mr. Cumberledge further stated that the hole was approximately twelve inches long and more than two inches deep. Claimant’s vehicle sustained damages totaling $ 1,250.80, and the amount of his insurance deductible is $500.00.
The position of the respondent is that it did not have notice of the hole in *55 question on County Route 50/30. Charles Richards, Highway Administrator for the respondent in Doddridge County, testified that he did not have any complaints regarding the area in question until the date of this incident. Mr. Richards further stated that the area in question is not patched very frequently because it was just paved a year ago.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole that claimant’s vehicle struck and that the hole presented a hazard to the traveling public on County Route 50/30. The size of the hole leads the Court to conclude that respondent had notice of this hazardous condition and had adequate time to take corrective action. Thus, there is sufficient evidence of negligence to base an award. However, the Court is also of the opinion that claimant was negligent in his operation of the vehicle. Claimant was aware that there was a large piece of missing pavement on County Route 50/30, but he failed to adjust his speed accordingly even though it was raining and dark outside. In a comparative negligence jurisdiction, such as West Virginia, the negligence of a claimant may reduce or bar recovery in a claim. The Court concludes that the claimant was forty-percent (40%) negligent. Since the negligence of claimant is not greater than or equal to the negligence of respondent, claimant may recover sixty percent (60%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimant in the amount of $300.00.
Award of $300.00.